## Noah W. Cheever v. Edward H. Congdon and others.

*Evidence: Age: Witness.* It is competent for a person to testify as a witness to his own age.

*Guardian and ward: Settlement by ward after majority.* It is a complete defense to an action brought at the instance of the guardian of a minor, upon the bond of an executor, to recover an amount the minor was entitled to from the testator's estate, that the minor after attaining his majority settled the whole claim with the executor, receiving payment partly in cash and partly by note; and the fact that the guardian at the time of such settlement had not settled his trust account, is nothing to the point.

*Submitted on briefs June 7.    Decided June 20.*

Error to Washtenaw Circuit.

*Joslin & Whitman,* for plaintiff in error.

*A. J. Sawyer,* for defendants in error.

GRAVES, J:

This action was brought at the instance of David Congdon as guardian of Henry Congdon, a minor, on the bond given by Edward H. Congdon as executor of Elisha Congdon, deceased, to recover an amount the minor was entitled

to from the estate of Elisha Congdon, and which amount the probate court had ordered should be paid to him. The case was tried by the court without a jury. The defense was, that after attaining majority, Henry Congdon, who had been the ward of David, as before stated, settled the whole matter with Edward, the executor, and received from the latter in cash and note the entire amount due him. To make out this defense the defendants called Henry Congdon and he swore positively to the accord and satisfaction, and that it occurred in January, 1872. In the same connection he was asked by defendants when he became twenty-one years old. The plaintiff's counsel objected that the witness was incompetent to prove his own age until it should be shown that better evidence was not attainable.

The court overruled the objection and the witness answered that he became twenty-one on the 24th of December, 1870.

The objection was not well based. The witness was clearly competent. The only question about the testimony called for from him was confined to its value as evidence, and that was a matter to be considered by the judge in making up his finding of facts.

On the conclusion of the evidence the court found that the settlement was made as claimed, and as a consequence that the defense was established.

The plaintiff's counsel insist that inasmuch as the guardian who caused this suit to be brought had not settled his trust account when the settlement by his former ward was had with the executor, such settlement was no defense for the executor in the suit on the bond. The court think otherwise. When the ward attained majority his disability ceased and the authority of the guardian to act in his stead expired. He was thenceforth entitled to act for himself and bargain with third persons who were indebted to him independently of his former guardian and according to the dictates of his own judgment. He was fully competent to call in debts due to him and give lawful acquittances. He

34 MICH.—38.

was entitled to claim control over the management of this very cause, and in a situation to call his former guardian to account. The demand sued for was his, and being of full age, there was no lawful obstacle to prevent his receiving it from his debtor, in a form satisfactory to himself, and discharging the claim.

This disposes of all matters insisted on in the plaintiff's brief. The judgment should be affirmed, with costs.

The other Justices concurred.