HENRY HILL & another *vs*. WILLIAM T. ELDRIDGE.

Norfolk.    January 22. — 28, 1879.    AMES & SOULE, JJ., absent.

In an action for goods sold and delivered, to which the defence is infancy, the defendant may testify that he was sixteen years of age at the time of the sale.

CONTRACT on an account annexed for goods sold and delivered.    Answer: 1. A general denial.    2. Infancy, and that the goods sold were not necessaries.

At the trial in the Superior Court, before *Gardner*, J., without a jury, the only question in issue was that of the defendant's infancy.    The defendant was a witness, and, against the plaintiff's objection, was permitted to testify that, when the goods were purchased, he was sixteen years of age, and that, at the time of the trial, he was twenty-three years of age.    It appeared that the defendant's father was dead at the time of the trial, but it did not appear whether his mother was living or not.    The defendant was the only witness as to his age, and no other evidence was offered in relation thereto.    The judge found for the defendant; and the plaintiff alleged exceptions to the admission of the defendant's evidence.

*L. H. Babcock*, for the plaintiff.

*B. D. Washburn*, for the defendant, was not called upon.

BY THE COURT.    This case does not present the question whether a person can be permitted to testify to the precise day of his birth.    It is quite clear that one may testify, from his own knowledge of himself, whether he was twenty-one or sixteen years of age at a certain time, (which was the only material point upon which the testimony of the defendant appears to have been admitted,) and that such weight may be given to his testimony as the court or the jury trying the case may think it entitled to receive.    See *Cheever* v. *Congdon*, 34 Mich. 296; *Watson* v. *Brewster*, 1 Penn. St. 381, 383; *State* v. *Cain*, 9 W. Va. 559, 570.                                          *Exceptions overruled.*