THE STATE v. RUFUS BEST.

*Liquor Selling — Minor — Witness — Evidence — Indictment — Variance.*

1. A liquor seller who supplies liquors to a minor to drink, at the request of an adult who pays the price, is guilty of a violation of section 1077 of *The Code*, and the adult is also guilty as an aider and abettor.

2. A witness is competent to testify to the reputation in his own family as to his own age.

3. An indictment described the person to whom the liquor was sold as B. W. T., Jr., who, being sworn, gave his name merely B. W. T.: *Held* to be no variance, the "Jr." being only *descriptio personæ.*

This was an INDICTMENT for a misdemeanor, tried before *Womack, J.*, at Fall Term, 1890, of the Superior Court of GREENE County.

B. W. Taylor, for the State, testified: "I bought liquor from defendant at his bar March, 1890." The witness was

asked, " How old are you reputed to be in your family?" Objected to by defendant. Objection overruled, and witness answered, " I was nineteen years old last August." Defendant excepted. Witness further testified, " I am not married. I bought a half pint from defendant, and paid for it fifteen cents."

The defendant testified: "Sherman Taylor said he wanted me to go to the bar; that he wanted to buy some whiskey; he said he wanted to get Ben Taylor full, or something of the kind; said he was going to make Ben treat. I told him I could not sell Ben liquor because he was a minor. I went into the bar. Sherman called for a half pint. I drew it. Sherman, Ben and John Taylor, and John Fields and others were present. They drank it, Ben, Sherman and John. They were the only ones at the counter drinking. Sherman said then that Ben had to treat; put up three 'shorts.' Ben walked up and threw some money on the counter. I said, ' I can't take the money from you.' I did not touch it. Sherman said, ' That is all right,' and took the money off and threw on the counter other money. I took it, and gave Sherman his change. When Sherman called for the three 'shorts,' I put them up That was the liquor that Ben tried to pay for. It was not B. W. Taylor's money."

His Honor intimated that he would charge the jury that, if they believed the defendant's testimony, they would find him guilty. The defendant's counsel insisted that the defendant's testimony did not establish a sale or gift to B. W. Taylor, and further contended that, upon the evidence of Taylor himself, there was a fatal variance between the *allegata* and *probata*, in that from the evidence of the State's witness himself he was *B. W. Taylor*, and it was alleged in the indictment that the sale was made to *B. W. Taylor, Jr.*

His Honor instructed the jury to return a verdict of guilty, which they accordingly did. Judgment was thereupon rendered, from which the defendant appealed.

*The Attorney General,* for the State.

No counsel *contra.*

CLARK, J.: The defendant testified that he knew that B. W. Taylor was a minor; that at the instance of another person, an adult, he furnished at his bar-room said minor and the adult with a drink each of spirituous liquor; that he refused to receive pay from the minor, but received it from the adult. Putting aside the palpable evasion of the law which was thus attempted, the fact remains that the minor, who was unmarried, received and drank spirituous liquor at the hands of the defendant. That he furnished it at the request of, and for a consideration paid by, the adult, makes the "dealer" none the less liable. *State* v. *Wallace,* 94 N. C., 827. No one, not even the father of the minor, could have authorized him to furnish the liquor to the minor. *State* v. *Lawrence,* 97 N. C., 492. His Honor properly told the jury, if they believed the testimony, to find the defendant guilty. *State* v. *Scoggins,* 107 N. C., 959.

The exception to evidence was without merit. The witness was competent to testify to his own age according to the reputation in the family. Abb. Tr. Ev., 87.

The indictment was for a sale to B. W. Taylor, Jr., with a second count charging that defendant did "give away" liquor to the same. The witness merely gave his name as B. W. Taylor. There was nothing in the evidence or circumstances tending to show any doubt as to his identity with the person mentioned in the indictment. This was not a variance. The "Jr." is no part of the name, but a mere "*descriptio personæ.*"

It may be observed that the adult who procured the defendant to furnish the liquor to the minor was equally indictable, for though not a "dealer" he was accessory to the violation of the law, and in misdemeanors all accessories are indictable as principals.

*Per Curiam.*                              No error.