THE STATE OF KANSAS v. JOSEPH McCLAIN.

1. CRIMINAL CASE — *Continuance.*   It is not error to overrule a motion for continuance in a criminal case, when no act of diligence is shown to procure the attendance of the absent witness.

2. SEDUCTION — *Testimony of Prosecutrix.*   It is not error to permit the prosecutrix, in a prosecution for the seduction of a female person under the age of 21 and of good repute, under promise of marriage, to testify to her age, evidence tending to show the death of her father and mother before the trial having been given, and such weight given to her statement as the jury thinks it is entitled to receive.

*Appeal from Wyandotte District Court.*

PROSECUTION for obtaining illicit intercourse, under promise of marriage, with a woman of good repute, under the age of 21 years.   From a judgment of conviction, the defendant, *McClain,* appeals.

*Kaylor & Smith,* for appellant:

The trial court erred in refusing to grant defendant's motion for a continuance. The information was filed March 5, 1892, on which day the preliminary examination was had. The age of the prosecutrix was one of the material facts to be established. The affidavit shows that the facts set forth were material and competent, and, if established, acquitted the defendant. Considering the time when the case was commenced and the time of the trial, we think the court grossly abused its discretion in denying the motion.

The evidence should have been limited to the first sexual act, as subsequent acts of intercourse cannot be given in evidence. 33 Mich. 112.

The rule in proving the age of a person is, that where that age is material it should first be shown that the father and mother and attending physician are dead or out of the jurisdiction of the court, and also that there is no family record. In this case the evidence shows that there was a family record, and it should have been introduced as the best evidence. We submit that it is very flimsy evidence on which to lock a man up three years at hard labor on the testimony of a witness who cannot tell in what year she was born, when the question of age is so material as it is in this case. The age of prosecutrix should be shown by clear and distinct testimony. 1 Russ. Cr., p. 693.

If the promise of marriage was made and a release had therefrom prior to the offense charged, then defendant was not guilty. If after the alleged offense the prosecutrix failed and refused to perform her part of the contract by refusing to consummate the promise by having the marriage ceremony performed, and the defendant was ready at all times to perform his promise, then defendant is not guilty. It seems to us that the mere statement of the question is sufficient to show that it was proper cross-examination. The reputation of the prosecutrix must be proven to be good by affirmative testimony. 39 Am. Rep. 612; 27 Minn. 52.

The verdict is not sustained by the evidence.   There is not to be found in the entire record any evidence that a promise of marriage existed at the time of the intercourse. The good repute of prosecutrix was not proven by affirmative testimony; neither is it established that prosecutrix was under 21 years of age; nor that the offense was committed within two years prior to the filing of the information.

The county attorney, in his speech to the jury, referred to the fact that the defendant did not testify in his own behalf, and so often referred to it that the question must have immediately arisen in the minds of the jurors: "Why did not Joe McClain go on the witness stand and deny it?   He had the right to do so.   Why did he not avail himself of his right so to do?"   This court has passed on this question so often that it seems almost unnecessary to refer to the authority of *The State v. Mosley*, 31 Kas. 355; *The State v. Balch*, 31 id. 465; *City of Topeka v. Myers*, 34 id. 501; same case, 35 id. 554; *The State v. Tennison*, 42 id. 330.

*Henry McGrew*, county attorney, for The State.   No brief on file.

Opinion by SIMPSON, C.:   At the March term, 1892, of the district court of Wyandotte county, the appellant, Joe McClain, was convicted of the crime of obtaining illicit intercourse, under promise of marriage, with one Emma Jansen, a female of good repute, under the age of 21 years.   He was sentenced to three years' hard labor in the state penitentiary, and adjudged to pay the costs of prosecution.   From this sentence he appeals to this court.

I.  His first complaint is, that the trial court erroneously overruled his motion for a continuance.   The information against him was filed on the 5th day of March, and the case was called for trial on the 19th day of March.   The complaint was filed before a justice of the peace on the 18th day of February, 1892, and his preliminary examination occurred on the 5th day of March.   His motion for a continuance was

filed on the 19th day of March, and alleged that he could
not safely proceed to trial, because one Fulton, of Parkville,
Mo., was the guardian of the prosecutrix, and he would tes-
tify that he had been acquainted with Emma Jansen, the
prosecutrix, for more than six years; was her guardian; and
that her age is 23 years; that he has in his possession the
family bible of the father and mother of Emma, and that the
birth record in said bible, in the handwriting of the father,
shows that Emma is now past 23 years of age, having been
born in the year 1868.   There was no showing of diligence,
or no allegation as to the distance of Parkville, Mo., from
Kansas City, Kas.   Two of the standing witnesses in this
court that testify in every case, and whose evidence becomes
a part of every record filed in the clerk's office — the map of
the country, and our knowledge of the local surroundings —
agree that the absent witness resided within 10 miles of the
court-house of Wyandotte county.   We think that within
14 days the appellant should have made some effort to
procure the attendance of the guardian, and the affidavit for
continuance should have given some reasonable excuse for
the failure.   In a word, there was absolutely no showing of
a single act or intention of diligence.

II.   One of the most important contentions of the appel-
lant arises from the evidence.   He alleges that the evidence
does not sufficiently show a promise of marriage, at the time
the seduction took place, to support the verdict of guilty.
There seems to be no doubt but that at one time a promise
of marriage had been made, and the day fixed; but before
the time arrived a quarrel occurred, and the wedding did not
take place.   The original promise rests on the express state-
ment of the girl and the admissions of the appellant.   They
subsequently kept company, and at the time the first act of
sexual intercourse took place this promise was renewed; but
counsel for appellant do not quote all that was said by ap-
pellant at that time.   Their construction is, that she said,
"You will not marry me," and he replied, "What makes
you think so?"   But the record twice discloses that he said,

in addition to the inquiry, "What makes you think so?—I will." There was other evidence of the promise contained in the statements of witnesses to whom there was express admissions that he had intended to marry her. We regard the promise of marriage, at the time the seduction took place, as being well established.

III. There is a serious contention that there was no proper or positive proof that Emma was under age of 21 years. The defendant offered no proof as to her age, but the specific complaint is that the only proof consisted in her own declarations, and in a statement that her father told her so and so. She testified that she would be 21 years of age on the 22d day of May next (the trial was in March). On cross-examination, she could not state the year she was born in, but that her father had it written down, but did not know whether it was in a bible or not. That her father told her the day and month of her birth, but she made no statement about the year. She also stated that she had seen the record of her birth, but it was so long ago that she did not recollect exactly what it was. To sum it all up, it amounts to this: That the only evidence of her age is her own statement that she would be 21 years old in the month of May succeeding the trial in March. Is this sufficient proof of age, in a criminal prosecution for felony, in which age is one of the constituent elements of the crime? In 1 Russell on Crimes, p. 693, authorities are cited to the effect that in cases of this character clear and distinct evidence ought to be given of the age of the prosecutrix. Again, it is said that in a matter of so much importance the best evidence ought to be adduced.

In the case of *West Virginia v. Cain*, 9 W. Va. 559, it being a prosecution for selling intoxicating liquor to a minor, the minor was permitted to testify to his own age, notwithstanding that it was shown that his father and mother were living. The supreme court of appeals of that state say:

"At this day of general intelligence, I think it is not improper, in a case like this, to allow the minor to testify as to his age. It is, perhaps, true, that the evidence of the minor

may not be as satisfactory as to the fact as the evidence of his father or mother, or some other person who was present at his birth. Still, his statement should be received, and permitted to go to the jury as evidence, to have such weight as it is entitled to under the circumstances."

This case is cited and followed in that of *Hill v. Elridge*, 126 Mass. 234, wherein it is said:

"It is quite clear that one may testify from his own knowledge of himself whether he was 21 or 16 years of age at a certain time, and that such weight may be given his testimony as the court or jury trying the case may think it entitled to receive."

The latter is a civil action, and the same ruling is made in *Cheener v. Congdon*, 34 Mich. 296, and *Watson v. Brewster*, 1 Pa. St. 381.

In this case there is some evidence tending to show that the father and mother of the prosecutrix had been dead for years before the trial or the commission of the offense. The weight of the evidence (it being competent) was a question for the jury, and the verdict having received the approval of the trial court, we are satisfied to recommend that the judgment of conviction be affirmed.

By the Court: It is so ordered.

All the Justices concurring.