[No. 8169.   Department Two.   December 3, 1909.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMA ARATA, *Appellant*.[1]

HOMICIDE—INFORMATION—SUFFICIENCY. An information charging that the accused purposely and feloniously etc., did stab and mortally wound, etc., sufficiently alleges that he did the act purposely and feloniously.

CRIMINAL LAW—VERDICT—SUFFICIENCY. A verdict finding the accused guilty of murder in the first degree (for which the penalty is death) and recommending him to the mercy of the court, is not void and does not show doubt in the minds of the jury, the recommendation being merely surplusage.

HOMICIDE—TRIAL—INSTRUCTIONS—DELIBERATION. Upon a prosecution for murder in the first degree, it is error to instruct that there need be no appreciable space of time for deliberation and premeditation.

Appeal from a judgment of the superior court for Kitsap county, Yakey, J., entered February 6, 1909, upon a trial and conviction of murder in the first degree. Reversed.

*George Friend* and *Milo A. Root*, for appellant.

*W. F. Magill, Assistant Attorney General, Thomas Stevenson*, and *C. D. Sutton*, for respondent.

MOUNT, J.—The appellant was tried and convicted of the crime of murder in the first degree. He appeals from the death sentence.

His counsel argues, first, that the information is insufficient. The information states:

"That the said Jama Arata, in the county of Kitsap, state of Washington, on the 21st day of November, A. D. 1908, then and there being, purposely, feloniously, and of his deliberate and premeditated malice, did kill one Herbert Richards, by then and there purposely, feloniously, and of his deliberate and premeditated malice stabbing, cutting, and

[1]Reported in 105 Pac. 227.

mortally wounding said Herbert Richards with a knife which he, the said Jama Arata, then and there held in his hands, contrary," etc.

It is contended that, because the verb "did" follows the words "purposely, feloniously, and of his deliberate and premeditated malice," there is no allegation that the killing was done purposely, etc. There is no merit in this contention. To say that a person purposely and feloniously did an act is to say that he did it purposely and feloniously. There is no difference in the two expressions. Substantially this form of information has been sustained by this court in many cases as charging murder in the first degree. *State v. Cronin,* 20 Wash. 512, 56 Pac. 26, and cases there cited; *State v. Crawford,* 31 Wash. 260, 71 Pac. 1030.

The jury returned a verdict of, "Guilty of murder in the first degree, and further recommend the defendant to the mercy of the court." It is contended that this shows a compromise verdict, and that the jury were not convinced of defendant's guilt beyond a reasonable doubt, because there is but one penalty provided for the offense, which penalty is death where no mercy can be shown. Many reasonable inferences might be drawn from this recommendation, but the fact remains that the jury unanimously found the defendant guilty of the greater crime charged. That finding was the ultimate finding upon the issues tried. The jury were not concerned about the penalty. It was the duty of the court to pronounce the judgment which the law imposed. Such a recommendation was merely advisory, and if the penalty were such that the judge might exercise a discretion in pronouncing sentence, he would not be bound thereby. He might heed the recommendation or not as he saw fit. The recommendation was, therefore, mere surplusage. It did not invalidate the verdict regularly and solemnly rendered. Nor did it necessarily show that there was a doubt in the minds of the jurors as to the guilt of the accused. *State v. Bennett,* 40 S. C. 308; *State v. Potter,* 15 Kan. 302; *State v. Bradley,*

6 La. Ann. 554; *State v. Newman*, 49 W. Va. 724; *People v. Lee*, 17 Cal. 76.

It is contended that the court erred in instructing the jury upon the question of time necessary for deliberation. Upon this question the court, after defining the different degrees of murder and after defining the meaning of the words "purposely," "deliberately," "premeditation," and "malice," said to the jury:

"I further instruct you that the law knows no specific time within which any intent to kill must be formed so as to make it murder. If the will accompanies the act a moment antecedent to the act itself which caused death, it is as sufficient to make the offense murder as if it were a day or any other time. I further instruct you that the time of deliberation and premeditation need not be long. If it furnishes room for an opportunity for reflection and the facts show that such reflection existed, and that the mind was busy with the design and made the choice with full chance to choose otherwise, there is sufficient deliberation. I further instruct you that to warrant the jury in finding a verdict of murder in the first degree you must find and so indicate in your verdict that the killing was with deliberation and premeditation; that is, that the prisoner conceived intent to kill, that he meditated upon it, and that he formed and afterwards executed the deliberate determination to take life. If the deliberate intent to kill be thus formed and acted upon, it is immaterial how soon after such evil design is formed that it is executed. There need be no appreciable space of time between the formation of the intention to kill and the killing."

This was the whole instruction upon this question, and it is apparent that the instruction was erroneous. While it is correct that the law knows no specific length of time for deliberation and premeditation, and that such time need not be long, it is manifest that there must be some length of time therefor, and that this must be an appreciable length of time. It may be readily understood how a malicious purpose may be formed in an instant without the lapse of any appreciable length of time, and it may be carried into execution immediately without time or opportunity for deliberation or

premeditation.   But the words "deliberation" and "premedi-
tation" necessarily imply some appreciable length of time.
To deliberate and to meditate upon an act means to think it
over and to weigh the consequences, and when there is no ap-
preciable time therefor there can be no deliberation and no
premeditation.   In *State v. Rutten*, 13 Wash. 203, 43 Pac.
30, this same question was considered and this court there
said:

"It seems to us that the language used wipes out the dis-
tinction made in the statute between murder in the first and
second degree.   While no great amount of time necessarily
intervenes between the intention to kill and the act of killing,
yet, under our statute there must be time enough to delib-
erate, and no deliberation can be instantaneous; in fact, the
idea of deliberation is the distinguishing idea between mur-
der in the first and second degree, and the instructions of the
court which we have quoted give exactly that which would be
necessary to define murder in the second degree, because the
intention to kill must be in the mind of the slayer, and he
must do it purposely and maliciously; consequently the act
of killing must be preceded by the purpose to kill, and it
must be a malicious purpose, and that purpose may be
formed instantaneously, or as expressed by the learned court
below, 'as instantaneous as the successive thoughts of the
mind,' and under the old definition of murder, viz., the un-
lawful killing of any subject whatsoever through malice
aforethought, that would be a proper instruction in regard
to murder; but our statute has changed the law in this re-
spect, and has introduced the element of deliberation, and
deliberation means to weigh in the mind, to consider the rea-
sons for and against, and consider maturely, to reflect upon,
—and while it may be difficult to determine just how short a
time it will require for the mind to deliberate, yet, if any
effect is to be given to the statute which makes a difference
between murder in the first and second degree, the language
used by the learned court is too broad."

In *State v. Moody*, 18 Wash. 165, 51 Pac. 356, this rule
was again under consideration, and an instruction stating
that, "No appreciable space of time need elapse between the
forming of such intent and the infliction of the fatal wound,"

was held error.   The cases of *State v. Straub*, 16 Wash. 111, 47 Pac. 227, *State v. Gin Pon*, 16 Wash. 425, 47 Pac. 961, and *State v. Hawkins*, 23 Wash. 289, 63 Pac. 258, were each distinguished from the earlier case of *State v. Rutten*, by reason of the fact that in each of the last-named cases the instruction upon this point provided for an appreciable length of time.   In the case at bar, the court said, in substance, the law knows no specific time; if the man reflects upon the act a moment antecedent to the act, it is sufficient; the time of deliberation and premeditation need not be long; if it furnishes room for reflection and the facts show that such reflection existed, then it is sufficient deliberation, and closed the instruction upon this point with the statement: "There need be no appreciable space of time between the formation of the intention to kill and the killing." By these few last words the court destroyed at once all that was good in the entire statement, and gave the jury a rule which this court has frequently held was erroneous.   This was reversible error.

Other errors are assigned upon the instructions relating to self-defense and provocation.   Some expressions therein may be subject to criticism, but they do not in our opinion constitute reversible error when considered in relation to all the facts in the case, and do not require extended discussion.

On account of the error above pointed out, the judgment is reversed, and the cause remanded for a new trial.

RUDKIN, C. J., DUNBAR, CROW, and PARKER, JJ., concur.