[No. 9962.  Department One.  December 27, 1911.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN RACKICH, *Appellant.*[1]

EVIDENCE — HEARSAY — PARENTAGE — INDIANS — SALE OF LIQUOR. Upon a prosecution for selling liquor to an Indian of the half blood, the Indian is competent to testify as to his parentage, even though his parents are living.

CONTINUANCE—DISCRETION.  In a prosecution for selling liquor to an Indian, it is not an abuse of discretion, after the Indian had testified as to his parentage and that his parents were living, to refuse a continuance until the parents could be called, where it does not. appear that they would testify differently.

CRIMINAL LAW — CREDIBILITY OF WITNESS — INDIANS — SALE OF LIQUOR—EVIDENCE.  In a prosecution for the sale of liquor to an Indian, the testimony of the Indian is not insufficient to support a verdict from the fact that he was in the employ of the government as an agent in the detection and prosecution of persons selling liquor to Indians.

CRIMINAL LAW—TRIAL—ISSUES, PROOF AND VARIANCE.  In a prosecution for selling one quart of spirituous liquors to an Indian, it is not a material variance to prove the sale of one pint of such liquors.

Appeal from a judgment of the superior court for King county, Yakey, J., entered June 18, 1910, upon a trial and conviction of selling liquor to an Indian.  Affirmed.

*John H. Allen*, for appellant.

. *John F. Murphy* and *Alfred H. Lundin*, for respondent.

FULLERTON, J.—The appellant was convicted of the crime of selling spirituous liquor to one Brown, an Indian of the half blood.

On the trial, Brown was permitted to testify, over the objection of the appellant, as to his parentage, stating that his mother was a full-blooded Indian and that his father was a Portuguese.  The appellant argues in this court that this

[1]Reported in 119 Pac. 843.

evidence was inadmissible, being but hearsay, and consequently not the best evidence. But we think a person, competent otherwise to be a witness, may testify as to his parentage. While no case has been cited us holding directly that a witness may so testify, analogous cases are numerous. For example, it was held in *State v. Miller*, 71 Kan. 200, 80 Pac. 51, that the prosecuting witness was competent to testify as to her own age, notwithstanding both of her parents were present and testifying to the same fact, and this in a case where the question of her exact age at a particular time was a material question at issue. To the same effect are the following cases: *State v. McClain*, 49 Kan. 730, 31 Pac. 790; *Hill v. Eldridge*, 126 Mass. 234; *State v. Cain*, 9 W. Va. 559; *State v. Best*, 108 N. C. 747, 12 S. E. 907; *Loose v. State*, 120 Wis. 115, 97 N. W. 526; 2 Jones, Evidence, § 303.

So, also, a witness may testify as to the ages of other members of his family. 2 Jones, Evidence, § 303. The principle that permits a person to testify to his own age, or as to the ages of the different members of his family, will also permit him to testify as to his parentage. He acquires the knowledge of the one fact in the same manner that he does the other facts, and while such evidence partakes somewhat of the character of hearsay evidence, it is admissible on grounds of public policy.

The appellant argues further that, since it was shown that the parents of the prosecuting witness were still living, they were the only persons competent to testify to the prosecuting witness' parentage, and that in consequence the evidence admitted was not the best evidence of which the case in its nature was susceptible. But the rule that permits a person to testify as to his parentage is not founded on the principle that it is substitutionary in its nature. On the contrary, it is in itself original evidence. It may be weaker than would be that of the parents themselves, but to permit the one to

testify when the others are within call is not a substitution of evidence; it is no more than the selection of the weaker competent evidence instead of the stronger. To do this, violates no rule of evidence. 1 Greenleaf, Evidence, § 82.

At the trial, and after the prosecuting witness had testified that his parents were still living, the appellant moved orally for a continuance until such time as the parents could be brought into court. The court denied the motion, and the appellant excepted. It is thought that the court abused its discretion in denying the motion, but we think otherwise. There was no showing that the testimony of the parents would have differed from that of the prosecuting witness, nor was there any showing of diligence in attempting to procure their testimony. The court's business must proceed orderly and with dispatch, and interruptions in the proceedings such as was here sought are not to be tolerated unless for the gravest reasons.

It appears that the prosecuting witness to whom the liquor was sold was in the employ of a government agent engaged in the detection and prosecution of persons selling liquor to Indians, and it is thought that this fact rendered his testimony concerning the alleged sale unworthy of belief. But this was for the jury. There is nothing inherently wrong in this method of detecting wrongdoers; in fact, the method resorted to is sometimes indispensable if violators of the liquor statutes are to be brought to justice.

The charge in the information is that the appellant sold to the prosecuting witness one quart of spirituous liquor, while the proof was that one pint of such liquor was so sold. It is thought that this was such a variance as to amount to a failure of proof, but the rule is otherwise. The crime consists in the selling of spirituous liquors, not in the selling of any particular quantity thereof; hence the substance of the issue was proven, which is all that is required.

The other assignments touched upon in the appellant's

brief seem to have no support in the record.   For that rea-
son it is unnecessary that we consider them.

The judgment is affirmed.

DUNBAR, C. J., GOSE, and MOUNT, JJ., concur.