# Cupryk v. Ruthenian National Union of America, Appellant.

*Beneficial associations—Benefits on death of wife—Age of wife—Application—Evidence.*

Where the by-laws of a beneficial association provide that a member shall receive an amount stated upon the death of his wife, provided the wife was under forty years of age when the member joined the association, and a member in a suit for such benefits testifies that his wife was under forty years of age when he joined the association, it is reversible error to refuse to admit in evidence his application for membership wherein he stated that his wife at the time was forty-three years of age; and it is also reversible error to refuse to admit evidence as to an oral admission made by the member at the time he signed the application that his wife was over forty.

In such a case it is reversible error to exclude an application made by the wife for her own membership in the association made contemporaneously with her husband's application in which she stated that she was forty-three years of age. Such evidence is competent not only to contradict the husband's testimony, but also as proof of the substantive fact of the age.

It is not necessary to offer birth records, or the evidence of persons who could testify from actual knowledge from childhood to death to prove age. If this evidence can be secured, it should be produced, but evidence of general repute in the family by those competent will be sufficient if family records are not obtainable.


Argued March 9, 1917. Appeal, No. 54, March T., 1917, by defendant, from judgment of C. P. Lackawanna Co., March T., 1914, No. 354, on verdict for plaintiff in case of Michael Cupryk v. Ruthenian National Union of America. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Assumpsit to recover benefits alleged to be due from the defendant to the plaintiff on the death of the plain-tiff's wife. Before O'NEILL, J.

At the trial it appeared that the by-laws of the association provided that a member should be entitled to re-

ceive on the death of his wife a benefit of from two to four hundred dollars according to the amount of insurance carried, provided that the wife was under forty years of age at the time of the husband's admission into membership.   The court charged in part as follows:

It appears that the usual proofs of death were furnished the defendant, but the association refused to pay the four hundred dollars, alleging that at the time the insurance was effected the wife was over forty years of age, and that is the crux of this case.   If she was, of course there can be no recovery here.   If she was under forty years of age, then the plaintiff should be entitled to recover the sum of four hundred dollars with interest from the 30th day of May, 1913, or sixty days thereafter. ´ The insurance company is not obliged to pay the sum of the insurance until sixty days after the death of the insured; and the interest would not be computed until the expiration of the sixty days.   [The plaintiff produces positive testimony showing the age of his wife; the best testimony that he could offer under the circumstances,] (12) and if you believe his testimony and the testimony introduced generally for the plaintiff, you should find in favor of the plaintiff for the full amount of his claim.

[On the part of the defendant it is alleged that his wife was more than forty years of age.   The testimony upon that offered by the defendant is very meagre; they do not offer any birth records; any person who could testify from actual knowledge, from acquaintance from childhood or birth up to the time of her death; but, as you have heard, it was attempted to show here upon the declaration of the husband—that at this time he said thus; or that at another time he said something else. Now, that might have been permitted simply for the purpose of going to his credibility in some way.] (13)   At one part of the trial you heard him say that he did not sign a certain paper because he could not write; and the defendant produced the records of the United States

Court to show that upon application he was refused naturalization because he could not write, and that six months later he appeared before the United States Court and at that time secured his naturalization papers, and it is claimed that he signed the paper required to be signed. And that paper was produced to you to say whether or not his signature, and it would be only material in this case as going to the credibility of the witness. [The mere fact that this witness made a misstatement, either erroneously or wrongfully or wilfully,—differing at various times about similar subjects, is not in itself conclusive that the testimony offered by him in this case is not proper and correct. It is a circumstance, perhaps, that you might take into consideration as to whether or not he was entitled to be believed; but upon the general points there is no conflict of testimony at all.] (14)

Verdict and judgment for plaintiff for $466. Defendant appealed.

*Errors assigned* were in rejecting the plaintiff's application for admission into the association, in rejecting Mrs. Cupryk's application for admission, in rejecting oral admissions made by the plaintiff as to his wife's age at the time he became a member, and portions of charge quoted above.

*W. L. Hill,* of *Warren, Knapp, O'Malley & Hill,* for appellant.—It is always competent to prove what a party says against his interest about the matter in controversy: Shirley v. Shirley, 59 Pa. 267; Simons v. Vulcan Oil & Mining Co., 61 Pa. 202; Wolf v. Studebaker, 65 Pa. 459; Allen v. M'Masters, 3 Watts 181.

The wife's written statement as to her age was admissible: Plumb v. Curtis, 66 Conn. 154; Mophsker v. Supreme Council of the Royal Arcanum, 215 Pa. 631.

*P. E. Kilcullen,* for appellee.

OPINION BY KEPHART, J., May 7, 1917:

The appellee was a member of the appellant beneficial association and sues to recover under the provisions of a by-law, which gives to a member, on the death of his wife, a benefit of from two to four hundred dollars, according to the amount of insurance carried. The defense is made that the wife, at the time the appellee was admitted to membership, was over forty years of age. The by-laws provide: "......that the age of the wife or husband was not over forty years at the time of his admission into membership." The appellee testified from information received from his wife that when he made application for membership his wife was between thirty-eight and thirty-nine years of age. To contradict this testimony the appellant offered in evidence the husband's application for membership, wherein he stated at the time he signed the application that his wife was forty-three years of age. The court refused to admit this evidence. We do not understand on what theory the court declined to admit it. It was this application that led to the issuance of the plaintiff's certificate on which this action is based. The objection to the offer was that it was vague and indefinite. For the purpose of contradiction and as affecting the credibility of the witness, the evidence was competent. An offer was made to show appellee's oral admission at the time he signed the application that his wife was over forty. The court refused to admit this offer. This was error. The defendant further offered to prove that in the application of the wife, made cotemporaneously with her husband's application, and upon which he has received the benefit, she made the statement that she was forty-three years of age. We think the offer was clearly competent for the purpose of proving the fact of age. It is not necessary to discuss whether the testimony of those who heard the wife's declaration as to age is competent when it is used in the interest of her beneficiary to establish age. Generally the proof of pedigree, which includes descent, re-

lationship, birth, marriage and death, and the times when these events happen (Insurance Co. v. Rosenlage, 77 Pa. 507,) may be established by general repute in the family emanating from persons connected with such family by blood or marriage, and the husband or wife enjoy such relationship. And while it may be necessary, if the wife's declaration is offered as a self-serving statement, to show that she obtained the knowledge through family relationship, when offered as a declaration against interest, the presumption would be that she made the statement from such knowledge. It is therefore competent not only to contradict the appellee's statement, but as proof of the substantive fact of age.

That portion of the charge embraced in the thirteenth assignment of error is incorrect. The plaintiff did not produce positive testimony showing the wife's age. It is not necessary to offer birth records, or the evidence of persons who could testify from actual knowledge from childhood to death to prove age. If this evidence can be secured, it should be produced, but evidence of general repute in the family by those competent will be sufficient if family records are not obtainable. The value of the defendant's evidence, as affecting appellee's credibility, was greatly lessened by the court's charge. The case did not warrant such instruction.

Assignments one to fourteen, inclusive, and the sixteenth assignment, are sustained. The fifteenth assignment, being the motion for a new trial, is not considered. The judgment is reversed and a venire facias de novo is awarded.