## Commonwealth ex rel. v. Joyce, Appellant.

Argued September 26, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*M. E. Evashwick,* for appellant.

*James A. Nugent,* for appellee.

OPINION BY MR. JUSTICE DREW, November 26, 1934:
This is an action of quo warranto to test the right of the respondent, William Joyce, to hold the office of town-

ship commissioner of North Versailles Township, Allegheny County. As the case is presented, there is but one question for our determination: Is a witness competent to testify to his own age? The ground upon which the district attorney, as relator, seeks the ouster of respondent is that he is not qualified to hold the office because he is not a citizen of the United States, but a native of Ireland who has never been naturalized. Respondent's answer to the petition for the writ admitted that he was born in Ireland and that he had not been naturalized, but averred that at an early age he had been brought to this country by his parents, that his father became a naturalized citizen of the United States in 1909, that at that time he was under twenty-one years of age, and that therefore, under the laws of the United States (Act of April 14, 1802, c. 28, section 4, 8 U. S. C. section 7), he also became a citizen. It was assumed by both sides that in this situation the burden was upon respondent to prove that he was under twenty-one years of age when his father was naturalized. At the trial it was stipulated that respondent's father was naturalized on June 10, 1909, and the sole issue was, therefore, whether respondent had attained his majority before that date. On direct examination, counsel for respondent asked him how old he was when his father was naturalized. Upon objection, the trial judge ruled that respondent's own testimony as to this fact could not be received unless it were shown that his parents were dead, that he had no relatives available as witnesses, and that no birth certificate or record could be obtained. In reply to this ruling respondent's counsel stated that he had no other evidence to offer as to his client's age— although he admitted that birth records had been kept and that respondent's father and elder brother were residents of the county of trial and available as witnesses—and rested. The trial judge gave binding instructions for the Commonwealth, and from the judgment entered against him respondent appealed, as-

signing as error the refusal of his motion for a new trial.

The judgment must be reversed. The ruling of the court below excluding respondent's testimony as to his own age was clearly error. That a person is competent to testify to such a fact is the general rule, from which there seems to be very little dissent. See Wigmore, Evidence (2d ed.), section 667; 22 C. J. 171; 39 A. L. R. 376n. Thus, the prosecutrix in a case of statutory rape or similar crime may testify to her own age: People v. Ratz, 115 Cal. 132; People v. Pennell, 315 Ill. 124; State v. McClain, 49 Kan. 730; Com. v. Phillips, 162 Mass. 504; State v. Girone, 91 N. J. L. 498; Loose v. State, 120 Wis. 115. Likewise, in a prosecution for selling or giving liquor to a minor, it is proper to receive the testimony of the alleged minor as to his age at the time of the sale or gift: McCollum v. State, 119 Ga. 308; see Bain v. State, 61 Ala. 75; Com. v. Stevenson, 142 Mass. 466; State v. Cain, 9 W. Va. 559. So, also, where a contract or conveyance is attacked on the ground of the infancy of a party, the person whose age is in issue may testify to the fact: Hanson v. Greenlee, 19 Pa. Dist. Rep. 885; Hill v. Eldridge, 126 Mass. 234; Cheever v. Congdon, 34 Mich. 296; Correy v. Michaelovitch, 46 R. I. 387; Pearce v. Kyzer, 16 Lea (Tenn.) 521; see Creer v. Active Auto Exch., 99 Conn. 266. And in other cases the testimony of a person as to his age has been held to be admissible: Klicke v. Allegheny Steel Co., 200 Fed. 933; Cent. R. R. v. Coggin, 73 Ga. 689; Baltimore v. State, 146 Md. 440; see Koester v. Rochester Candy Works, 194 N. Y. 92. Of course, such testimony is, strictly speaking, hearsay; no one, of his own knowledge, can know the date of his birth. But the probability of truthfulness and correctness on this matter is such that "courts have commonly preferred to accept this practical certainty rather than to insist on academic nicety": Wigmore, Evidence (2d ed.), section 667. As was said by Mr. Justice SHARSWOOD in Dodge v. Bache, 57 Pa. 421, 425, "It is impossible

for any man to testify from his own knowledge how old he is. In the nature of things he has no personal recollection of when he was born. But who doubts that he can state his belief as to the fact? In all these cases indeed he must give the grounds of his belief, and then the credit to be attached to it will be for the jury." In this view, testimony as to one's own age is regarded as original evidence, direct and primary in character (Pearce v. Kyzer, supra), and the fact that it is in a sense hearsay does not affect its competency or admissibility: People v. Pennell, supra; Pearce v. Kyzer, supra. Consequently, such evidence is received without regard to any other evidence in the case, and the fact that a parent of the person whose age is in issue is available as a witness and is not called does not make it inadmissible: McCollum v. State, supra; Pearce v. Kyzer, supra; see State v. Cain, supra. And even if the parents do testify, the testimony of the child, being itself original evidence, is not therefore to be rejected; although the testimony of the parents may be stronger, and entitled to the greater weight, that is a matter which does not concern its admissibility, but has to do solely with the force and effect to be attached to it by the triers of the facts. See State v. Miller, 71 Kan. 200. This is only an application of the general rule that as between living witnesses one will not be excluded merely because another had a better opportunity of knowing the facts: Western Union Telegraph Co. v. Stevenson, 128 Pa. 442; see Wigmore, Evidence (2d ed.), section 1286.

It is contended, however, that the best evidence rule applies, and that respondent was properly not allowed to testify to his own age without first showing that no certificate or record of his birth was obtainable. This contention cannot be upheld. Such records are themselves hearsay, admitted under an exception to the hearsay rule. The argument that they are to be preferred to the testimony of the person himself is chiefly based

on a statement in Watson v. Brewster, 1 Pa. 381, 383, that declarations of a deceased mother as to the age of her daughter are admissible only where "better evidence," such as an entry in a family Bible, is not available, and a statement in Cupryk v. Ruthenian Nat. Union, 66 Pa. Superior Ct. 595, 599, repeated in Hardy v. State Mut. Ben. Soc., 111 Pa. Superior Ct. 336, 339, that evidence of general repute in the family as to the age of a member is competent only if family records are not obtainable. These statements were in no way essential to the decision of the cases in which they occur, and we are convinced that they cannot be supported. While it was once commonly stated that the best evidence that the nature of the case admitted must be produced, this statement, as is shown by Professor Thayer, is no longer true: Preliminary Treatise on Evidence, 484-507. As we said in Perry v. Ryback, 302 Pa. 559, 568, "There is no general rule that the best evidence must be introduced or that better evidence must be introduced before inferior evidence." The expression "best evidence rule" is now chiefly confined to the rule that the terms of a document must be proved by the production of the document itself, unless production is not feasible: see Perry v. Ryback, supra; Wigmore, Evidence (2d ed.), section 1174. That rule has no application to the instant case, for respondent's testimony was offered not for the purpose of proving the terms of any writing but simply to establish the fact of his age. Any writing that could exist, such as a family or official birth record, would be as much "hearsay" on this point as the testimony of the man himself. In such a situation there can be no reason for giving preference to the writing. Aside from the rule that the contents of a writing must be proved by the production of the writing itself, unless it is not available, there is no rule preferring written to oral statements: see Wigmore, Evidence (2d ed.), sections 1335, 1336, 1497. The court below erred

in excluding respondent's testimony, and for that reason the judgment must be reversed.

Judgment reversed and a venire facias de novo awarded.