STEVENS et al. v. UNITED STATES.

No. 11748.

United States Court of Appeals
Sixth Circuit.

July 21, 1953.

Dick L. Lansden and Carmack Cochran, Nashville, Tenn., for appellants.

James M. Swiggart, Asst. U. S. Atty., Nashville, Tenn. (A. O. Denning, U. S. Atty., and James M. Swiggart, Asst. U. S. Atty., Nashville, Tenn., on the brief), for appellee.

Before SIMONS, Chief Judge, and ALLEN and MILLER, Circuit Judges.

MILLER, Circuit Judge.

The appellants were found guilty under a 2-count indictment charging them with having knowingly made a false statement in a matter within the jurisdiction of an agency of the United States. § 1001, Title 18 U.S. Code. Appellant Southern Automotive Trade School was fined the sum of $5,000 on each count. Appellant Carl R. Stevens received a sentence of a year and a day under each of the two counts, to run concurrently, and was fined the sum of $1,000 under each of the two counts. This appeal followed.

Appellant Stevens was a stockholder and officer of the co-appellant Southern Automotive Trade School, a corporation engaged in the business of furnishing vocational training for veterans. The School furnished instruction in two courses (1) Automotive Mechanics and (2) Body and Fender Repair. On June 2, 1949, a cost analysis was submitted to the Veterans Administration showing the cost of furnishing teaching for each of the two courses for the purpose of obtaining a contract for furnishing such vocational training. The

first count of the indictment charges that the appellants on or about June 2, 1949 did knowingly make a false statement in a matter within the jurisdiction of an agency of the United States, in that they "did file a cost data statement for the Auto Mechanics course with the Regional Office of the Veterans Administration, Nashville, Tennessee, for the purpose of securing a contract to train veterans, wherein they stated that the books of the School showed a cost of Teaching and Related Personnel Salaries in the amount of $67,370.65, whereas, the books only showed an expense of $49,-519.20 for Teaching and Related Personnel Salaries. The statement further showed a cost of Rent in the amount of $9,271.00, whereas, the books showed only $3,180.00 as Rent expense. The cost statement further showed an Advertising expense of $2,432.17, whereas, the books showed only $878.24 as Advertising expense. The cost data statement further showed Administrative expenses in the amount of $14,-557.46, whereas, the books showed only $10,686.54 as Administrative expense. And the cost data statement further showed Consumable Instructional Supplies in the amount of $26,262.52, whereas, the books showed only $17,853.41 expended for Consumable Instructional Supplies, the defendants then and there well knowing said cost data statement to be false and fraudulent." The second count was similarly worded but dealt with the cost data statement for the Body and Fender Repair course.

Appellants contend that under the wording of the indictment it was not sufficient for the Government to prove that they made a false statement to the Regional Office of the Veterans Administration with respect to the cost of furnishing teaching, but that it was necessary to show that the cost data statements differed from what was shown to be the cost by the books of the school, it being immaterial whether such cost entries on the books were correct or false.

■ We agree with this contention. Since the indictment does not restrict itself to the allegation that the appellants did knowingly make a false statement, but proceeded to state in detail what constituted the alleged falsity, the Government was required to prove the falsity as specifically alleged. The specific allegations were in the nature of a bill of particulars, which no doubt the Government would have been required to furnish if it had not voluntarily done so in the indictment itself. Under such circumstances, the Government must prove the acts particularly charged. Braatelien v. United States, 8 Cir., 147 F.2d 888; Bryan v. United States, 5 Cir., 175 F.2d 223, affirmed 338 U.S. 552, 70 S.Ct. 317, 94 L.Ed. 335, rehearing denied 338 U.S. 957, 70 S.Ct. 491, 94 L.Ed. 590; Land v. United States, 4 Cir., 177 F.2d 346; United States v. McKay, D.C.E.D.Mich., 45 F.Supp. 1001.

■ We believe, however, that the District Judge was in error in charging the jury that it was necessary for the Government to prove under each count of the indictment that the appellants made all of the alleged false statements and that the jury could not find them guilty of making some of the statements and not guilty of making others. The indictment charged that the statement was false in five different respects. If the Government's evidence proved that it was false in only one of the respects charged, it was nevertheless a false statement, and such proof would have sustained a verdict of guilty. United States v. Mascuch, 2 Cir., 111 F.2d 602; Todorow v. United States, 9 Cir., 173 F.2d 439, 445. See Warszower v. United States, 312 U.S. 342, 345, 61 S.Ct. 603, 85 L.Ed. 876. Such error, being favorable to the appellants, can not be relied upon for reversal, but the correct rule should be applied by this Court in determining whether or not the verdict is supported by the evidence.

■ Nor was it necessary for the Government to prove that the alleged discrepancy between the cost data statement and the books of the School was in the exact amount as charged by the indictment. The cost data statement was a false statement if it differed materially from the amount shown by the books, even though the difference was not the exact difference charged, and such a showing did not violate the general rule that allegations and proof must correspond in order not to constitute

a variance. The rule is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense. Berger v. United States, 295 U.S. 78, 82, 55 S.Ct. 629, 79 L.Ed. 1314; United States v. Wodiska, 2 Cir., 147 F.2d 38, 39; State of Washington v. Rackich, 66 Wash. 390, 119 P. 843, 37 L.R.A.,N.S., 760; Dunbar v. United States, 156 U.S. 185, 191, 15 S.Ct. 325, 39 L.Ed. 390. See United States v. Johnson, 319 U.S. 503, 517, 63 S.Ct. 1233, 87 L.Ed. 1546; Brodella v. United States, 6 Cir., 184 F.2d 823, 826.

■ The books and records of the School were examined by F.B.I. agents under the direction of Samuel Virdin, a certified public accountant, who did a substantial portion of the work himself. He and three of the four agents who assisted him testified as to what the books showed. The books were not introduced in evidence. Appellants contend that the Government failed to prove that the cost data statement differed from the books because the books themselves were not introduced. We do not agree. Summaries of voluminous records, which in themselves are not easily understandable by a jury, made according to a method which offers reasonable guaranty of accuracy, are admissible in evidence in lieu of the records themselves where the records are available to the opposing party, the witness making the summary is subject to cross examination, and the accuracy of the summary can be satisfactorily checked. Augustine v. Bowles, 9 Cir., 149 F.2d 93, 96–97; North Western Refrigerator Line Co. v. Ervin, 5 Cir., 78 F.2d 186, 189; United States v. Mortimer, 2 Cir., 118 F.2d 266, 269; Minnehaha County, S. D. v. Kelley, 8 Cir., 150 F.2d 356, 361; United States v. Freeman, 7 Cir., 167 F.2d 786, 791.

Appellants also contend that because all of the agents who examined the books did not testify and the ones who testified confined their testimony to certain portions of the books only, the evidence introduced did not give a complete picture of what the books showed. The several examiners were under the direction and supervision of Mr. Virdin, and his testimony based upon a consolidation of the results obtained by the individual examiners purported to give a complete picture and was properly received in evidence for that purpose. The books were available to appellant and could have been introduced by them if Mr. Virdin's testimony did not reflect a complete or accurate picture. Augustine v. Bowles, supra; United States v. Mortimer, supra.

■ The books of the School were not kept in the manner charged in the indictment, and in examining the books the Government agents allocated certain listed expenses between the two courses. They also disallowed certain items on the books as not being proper items in a certain classification of expense, and through such an interpretation of the books showed what was the proper amount included in the respective classifications of expense for each of the two courses. Such evidence clearly showed a material difference between the cost data statements and the actual expenses appearing on the books as so interpreted. Appellants contend that such evidence did not show what was reflected by the books, but showed what the agents considered was the proper amount chargeable to each classification of expense for each of the two courses. Accordingly, they contend that the Court erred in overruling their motions to dismiss, based on the theory that although such testimony showed incorrect cost data statements, it did not show that they differed from what the books actually reflected. If the books had been kept in such a manner that they reflected accurately and definitely the different items charged to each classification of expense for each course no interpretation of the books would have been needed in order to check the correctness of the cost data statements. But due to the way in which the books were kept interpretation was necessary in order to ascertain whether the cost data statements, which were not merely transcriptions of specific book entries, were correct or false. An arbitrary or unreasonable interpretation by the Gov-

ernment agents would have properly been rejected by the Court, but an interpretation by an experienced accountant, which is considered a reasonable and proper one by the Court, was properly received in evidence as tending to show what the books reflected with respect to the different expense items involved. Certainly, appellants' own interpretation, arbitrary or erroneous as it might be, does not have to be accepted by the Government as correctly stating what is reflected by the books of account. Without such interpretation there would be no way for the jury to know what the books showed with respect to the different expense items in issue. Like the opinion of any expert, such testimony was material to the issue, and although not conclusive, was properly received in evidence for consideration by the jury, and supports the verdict.

The judgments are affirmed.