[No. 38950.    Department Two.    June 8, 1967.]

THE STATE OF WASHINGTON, *Respondent,* v. JOHN RICHARD
SCHUT, *Appellant.**

*James S. Scott* (of *Smith, Scott & Morthland*), for appellant (appointed counsel for appeal).

*Lincoln E. Shropshire* and *Walter B. Dauber,* for respondent.

HAMILTON, J.—Appellant, John Richard Schut, was charged, tried, and convicted by jury verdict of the crime of incest committed upon his minor daughter. He appeals.

The state's only witness, the child, testified that appellant was her father, that the incestuous act charged took place in the family residence on or about November 20, 1965, and that similar acts had occurred prior to the one charged. The verdict of the jury finding appellant guilty was returned in the usual form, except that it had appended to it in longhand the words "& recommend medical treatment." The trial court accepted the verdict, and thereafter, in due

*Reported in 429 P.2d 126.

course, sentenced appellant to a maximum term of confinement of not more than 20 years.

■ On appeal, three assignments of error are made. Appellant first urges that it was error for the trial court to permit the prosecutrix to testify that appellant was her father. He contends such testimony was hearsay and therefore inadmissible. We find no merit in this assignment. *State v. Rackich,* 66 Wash. 390, 119 Pac. 843 (1911), supplies the complete answer to appellant's arguments. We there stated:

> On the trial, Brown was permitted to testify, over the objection of the appellant, as to his parentage, stating that his mother was a full-blooded Indian and that his father was a Portuguese. The appellant argues in this court that this evidence was inadmissible, being but hearsay, and consequently not the best evidence. But we think a person, competent otherwise to be a witness, may testify as to his parentage. While no case has been cited us holding directly that a witness may so testify, analogous cases are numerous. For example, it was held in *State v. Miller,* 71 Kan. 200, 80 Pac. 51, that the prosecuting witness was competent to testify as to her own age, notwithstanding both of her parents were present and testifying to the same fact, and this in a case where the question of her exact age at a particular time was a material question at issue. To the same effect are the following cases: *State v. McClain,* 49 Kan. 730, 31 Pac. 790; *Hill v. Eldridge,* 126 Mass. 234; *State v. Cain,* 9 W. Va. 559; *State v. Best,* 108 N. C. 747, 12 S. E. 907; *Loose v. State,* 120 Wis. 115, 97 N. W. 526; 2 Jones, Evidence, § 303.
>
> So, also, a witness may testify as to the ages of other members of his family. 2 Jones, Evidence, § 303. The principle that permits a person to testify to his own age, or as to the ages of the different members of his family, will also permit him to testify as to his parentage. He acquires the knowledge of the one fact in the same manner that he does the other facts, and while such evidence partakes somewhat of the character of hearsay evidence, it is admissible on the grounds of public policy.
>
> The appellant argues further that, since it was shown that the parents of the prosecuting witness were still living, they were the only persons competent to testify to the prosecuting witness' parentage, and that in conse-

quence the evidence admitted was not the best evidence of which the case in its nature was susceptible. But the rule that permits a person to testify as to his parentage is not founded on the principle that it is substitutionary in its nature. On the contrary, it is in itself original evidence. It may be weaker than would be that of the parents themselves, but to permit the one to testify when the others are within call is not a substitution of evidence; it is no more than the selection of the weaker competent evidence instead of the stronger. To do this, violates no rule of evidence. 1 Greenleaf, Evidence, § 82.

We have reaffirmed the underlying principles of the *Rackich* case in *State v. Thomas,* 8 Wn.2d 573, 113 P.2d 73 (1941), and *State v. Jennen,* 58 Wn.2d 171, 361 P.2d 739 (1961). We are not persuaded that we should depart the rule now.

Appellant next assigns error to the admission of the testimony relative to prior acts of incest. He asserts that the prejudice arising out of such evidence outweighs and overshadows its relevancy.

■ We cannot agree. We have, over the years, consistently held such testimony admissible in this type of case as proof of a lustful inclination on the part of the accused toward the offended female. *State v. Wood,* 33 Wash. 290, 74 Pac. 380 (1903); *State v. Oberg,* 187 Wash. 429, 60 P.2d 66 (1936); *State v. Thorne,* 43 Wn.2d 47, 260 P.2d 331 (1953); *State v. Fischer,* 57 Wn.2d 262, 356 P.2d 983 (1960); *State v. Johnson,* 60 Wn.2d 21, 371 P.2d 611 (1962). We are convinced that the peg of relevancy in the instant case was not overcome by the soiled linen, and that the rule announced in *State v. Goebel,* 36 Wn.2d 367, 218 P.2d 300 (1950), was not offended.

The last assignment of error is directed to the longhand recommendation of medical treatment appended to the verdict of the jury. Appellant argues that such a recommendation is inconsistent with a verdict of guilty and therefore voids the verdict.

■ Again we must disagree. We are satisfied that the jury's recommendation of medical treatment is not contradictory of nor inconsistent with the verdict of guilty. In

legal effect, it is comparable to a recommendation of mercy or leniency, and as such is mere advisory surplusage which does not invalidate the verdict. *Cf., State v. Arata,* 56 Wash. 185, 105 Pac. 227 (1909); *State v. Lindberg,* 125 Wash. 51, 215 Pac. 41 (1923); *State v. Nicely,* 171 Wash. 439, 18 P.2d 503 (1933); *State v. Marks,* 376 S.W.2d 116 (Mo. 1964). The trial court did not err in accepting the verdict.

It has come to our attention that the sentence imposed by the trial court may be in excess of the statutory maximum as provided by RCW 9.79.090(3), which reads:

> When such an act [incest] is committed by any male or female person upon a child of fifteen years of age and under eighteen years of age, such male or female person shall be guilty of incest and be punished by imprisonment in the state penitentiary for *not more than fifteen years;* . . . . (Italics ours.)

By count 1 of the information, appellant was charged with the offense of incest committed on or about November 20, 1965, with an unidentified female nearer in kin than second cousin, whose name and kinship would be revealed upon judicial request. By count 2 of the same information appellant was charged with the offense of carnal knowledge of a female (apparently the same referred to in count 1) between the ages of 15 and 18 years committed on or about November 20, 1965. Count 2 was seemingly dismissed prior to trial. At the trial on count 1, appellant's daughter, as the prosecutrix, testified she was 15 years of age at the time of the offense charged, and this testimony stands undisputed. Since appellant was not charged with any prior acts it would appear that RCW 9.79.090(3) governs the maximum sentence to be imposed.

The cause is accordingly remanded to the trial court for such correction of sentence as the facts and law may require. The judgment and sentence is in all other respects affirmed.

FINLEY, C. J., HUNTER, J., and LANGENBACH, J. Pro Tem., concur.