UNITED STATES of America, Plaintiff-Appellee,

v.

Gene Roy TREXLER, Defendant-Appellant.

No. 72–2889

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Feb. 13, 1973.

Certiorari Denied June 4, 1973.

See 93 S.Ct. 2759.

et al., 5 Cir. 1970, 431 F.2d 409, Part I.

William F. Russell, Lubbock, Tex. (Court-appointed), for defendant-appellant.

Frank D. McCown, U. S. Atty., W. E. Smith, Asst. U. S. Atty., Fort Worth, Tex., for plaintiff-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

AINSWORTH, Circuit Judge.

This is an appeal from a conviction for making false statements to a federally insured bank to influence the action of the bank, 18 U.S.C. § 1014 (1971), in which appellant Gene Roy Trexler raises three points, two about jury instructions on intent and the third on the failure of the Government to prove a fact mentioned in the indictment. We affirm.

In operating a used car business Trexler financed the purchase of used cars by pledging the title of each car to a bank insured by the Federal Deposit Insurance Corporation. When he sold a car, the bank would return the title and he would transfer it to the purchaser. Then by agreement Trexler was obliged to pay the bank with the proceeds from the sale.

On April 6, 1972, Trexler was indicted on seven counts when he did not turn over the proceeds of several sales to the bank. Two of the counts were dismissed prior to trial, and he was convicted on the other five counts.

In point one the appellant emphasizes that the crime charged requires that the defendant make a false statement, so he contends that jury instructions should have limited the jury's consideration to affirmative acts. We find that it was proper, however, for the District Judge to instruct the jury that for the purpose of deducing the defendant's

intent to commit the crime, the jury could consider what "a defendant does or fails to do."[1] *See* United States v. Wilkinson, 5 Cir., 1972, 460 F.2d 725, 730. Appellant's reliance on United States v. Diogo, 2 Cir., 1963, 320 F.2d 898, is misplaced. In that case the Court concluded that a prosecution for false representations, as opposed to concealment, cannot "be grounded upon the omission of an explanation." 320 F.2d at 905. Unlike *Diogo*, the District Judge in the present case required the jury to find that defendant made a false statement before it could find him guilty. At one point the District Judge said the jury must find that the defendant "committed the act of making a false statement." At another point the Judge said, "The intent to mislead or defraud the bank and the falsity of the statement must be present at the time the statement is made or communicated to the bank." We believe the instructions were adequate under the circumstances.

■ In point two appellant complains about the following jury instruction made by the Trial Judge: "Now, it is reasonable to infer that a person ordinarily intends the natural and probable consequences of his knowing acts." While we do not permit a jury charge which shifts the burden of proof to the defendant through the use of a presumption,[2] this Circuit does approve an instruction permitting the jury to infer intent from the natural and probable consequences of a defendant's acts. United States v. Wilkinson, 5 Cir., 1972, 460 F.2d 725, 729–31; Estes v. United States, 5 Cir., 1964, 335 F.2d 609, 615–617, cert. denied, 379 U.S. 964, 85 S.Ct.

656, 13 L.Ed.2d 559, reh. denied, 380 U.S. 926, 85 S.Ct. 884, 13 L.Ed.2d 814 (1965); Mann v. United States, 5 Cir., 1963, 319 F.2d 404, 409; Harrison v. United States, 5 Cir., 1960, 279 F.2d 19, 24–25.

■ The final point is relevant to only two of the five counts. In the indictment Trexler allegedly told the bank he would "pay to the bank the amount of the value received by the defendant from the alleged purchaser of such automobile, whereas, in truth and in fact, after obtaining . . . title [from the bank], the defendant did not pay to the bank the value of such automobile, and the bank was therefore defrauded of the value of the above described automobile." For the loans involved in these two counts the bank was not actually defrauded, because the bank itself eventually covered its loss by seizing funds which the defendant had in another account in the bank. As a general rule, the Government cannot broaden an indictment so as to convict the defendant on different facts from those charged in the indictment. Stirone v. United States, 361 U.S. 212, 215–216, 80 S.Ct. 270, 272, 4 L.Ed.2d 252 (1960); Ex parte Bain, 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849 (1887); United States v. Davis, 5 Cir., 1972, 461 F.2d 83, 90–91 (1972). But the Government need not prove all facts charged in the indictment as long as it proves other facts charged in the indictment which do satisfy the essential elements of the crime. Stevens v. United States, 6 Cir., 1953, 206 F.2d 64, 66. In the present case, the indictment charges sufficient other facts to satisfy the statute under which the defendant was convicted. The statute, 18

---

1. At other places the Judge elaborated on the failure to act:

   In determining the issue as to intent, the jury is entitled to consider any statements made and acts done or omitted by the accused. . . .

   . . . The jury may draw the inference that the accused intended all the consequences which one standing in like circumstances and possessing like knowledge should reasonably have expected to result from any intentional act or conscious omission.

2. To assure that the burden of proof remained with the Government, the District Judge gave the following instructions:

   Now, the burden of proving a defendant guilty beyond a reasonable doubt of every essential element of the crime charged rests upon the government. This burden is upon the government throughout the trial. It never shifts.

U.S.C. § 1014, only requires proof of a false statement made "for the purpose of influencing in any way the action" of the bank. The indictment charges that the defendant made a false statement "for the purpose of influencing the action of such bank in releasing from the bank's possession to the defendant a title." This was sufficient. Accordingly, the Judge properly instructed the jury that "[a]ctual loss is not an element of the offense."

Affirmed.

