# Knox *v.* Catholic Women's Benevolent Legion, Appellant.

*Beneficial associations—Age of member—Record of baptism—
Evidence.*

Where in an action against a beneficial association for death
benefits it is claimed that the member was beyond fifty years, the
limit of the age set by the by-laws, and it appears that in her ap-
plication she stated that she was baptized in a church designated,
in a year stated, and she also gives in her application her father's
name and her mother's maiden name, and there is in evidence the
record of such church showing that five years earlier there was a
record of a baptism of a child of the same name as the member,
with parents having the same names as the persons designated in
the application, the question of the identity of the member with
the person named in the baptismal record, is for the jury.

In such a case it is not error for the court to charge as follows:
"It is also possible that five years later there could have been an-
other Bridget christened in that family; that is altogether possible;
in five years' time one child could have died and another one born,
so you see that in the absence of other evidence it affords a mere
presumption of identity of person. That happened perhaps more
than once that one year a child is born, named and christened and
its life may be short and it dies and later on some other child

comes and for reasons that are perfectly natural, the second child is given same name."

Argued Nov. 19, 1917. Appeal, No. 54, March T., 1917, by defendant, from judgment of C. P. Lackawanna Co., Oct. T., 1914, No. 1177, on verdict for plaintiffs in case of Mary Knox and Catharine Knox v. Catholic Women's Benevolent Legion. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit for death benefits. Before NEWCOMB, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiffs for $570 each. Defendant appealed.

*Errors assigned* were (1) portions of charge quoted in the opinion of the Superior Court; (2) in refusing binding instructions for defendant.

*William J. Fitzgerald,* for appellant, cited: Timlin v. American Patriots, 249 Pa. 465; Hall v. Vanderpool, 156 Pa. 152; Alexander v. Wilkes-Barre, Etc., Coal Co., 254 Pa. 1.

*Michael A. McGinley,* for appellee, cited: Burns v. Hyatt, 1 Clark 323; Keating v. Metropolitan Life Ins. Co., 5 Kulp 357; Sitler v. Gehr, 105 Pa. 577.

OPINION BY TREXLER, J., April 22, 1918:

The defendant society issued a certificate of membership to Bridget Knox, which provided for the payment, at her death, of $1,000 to her two daughters. After her death suit was brought and defendant contested the claim on the ground that the insured was over the age of fifty years at the date of the contract. Under the constitution and by-laws of the society, membership was

limited to persons between the ages of seventeen and fifty
years.   In her application her age is given as between
forty-nine and fifty, and that she was born at Carbon-
dale, Lackawanna County, baptized at the church of St.
Rose, same place, on the —— day of July, 1858; her
father's name was William Banks, and her mother's
name was Bridget McLaughlin.   The records of the
church above referred to being produced at the trial, it
was found that a Bridget Banks, designated as the
daughter of William Banks and Bridget McLaughlin,
was baptized on October 8, 1853.   If the above entry cor-
rectly stated the date of the baptism and had reference to
the insured, she was over fifty when she applied for mem-
bership, and there could be no recovery on the policy.
The learned trial judge left the question of identity to
the jury.   We think this was right.   The record of the
church was properly admitted as furnishing competent
proof of the date of baptism and necessarily that the date
of birth preceded it, and of the identity of the parties
named, but it was not conclusive, and the trial judge
could not give binding instructions for defendant.   Al-
though the whole baptismal record was given, reference
was only made to the above date, and it does not follow
that that was the only record of baptism of Bridget
Banks.   We do not know whether at the time stated in
the application, to wit: July, 1858, any record to that
effect appears, or that the record discloses its absence.
This was referred to by the judge in his charge, but as far
as appears by the record before us, the attention of
neither court nor jury was called to the fact that no other
record of the baptism of any one bearing the maiden
name of the insured did not appear in the book which
was produced.   The judge instructed the jury that they
might infer from this record that Bridget Knox, whose
maiden name was Banks, was the same person as was
baptized on October 8, 1853, but that "it is also possible
that five years later there could have been another
Bridget christened in that family; that is altogether

possible; in five years time one child could have died and another one born, so you see that in the absence of other evidence it affords a mere presumption of identity of person. That happened perhaps more than once that one year a child is born, named and christened and its life may be short and it dies and later on some other child come and for reasons that are perfectly natural the second child is given the same name." We see no error in this. Such cases have come within the observation of the writer of this opinion. The probabilities are that the Bridget whose name appears on the church record was the same as the insured, but it was for the jury to find whether defendant company had proved that fact. It was not for the court to do so. The contract of the parties was based upon the assumption that the insured was a "practical Catholic woman" and was between the ages of seventeen and fifty years. If the defendant alleged anything to the contrary, the burden was upon it to prove it. See Console v. Prudential Ins. Co., 67 Pa. Superior Ct. 52. The exact question we are discussing does not appear in that case, but the reasoning there employed we think applies.

All the assignments of error are overruled and the judgment is affirmed.