# Dickenson *v.* Belt Automobile Indemnity Company, Appellant.

*Insurance—Automobile insurance—Fraud — Avoidance of liability—Affidavit of defense—Amendment.*

In an action of assumpsit to recover on a policy of automobile insurance, which provided that the policy should be void, if the warranties made by the insured as to the value of the automobile were false, the defendant upon learning of fraud in regard to such statements, should be allowed to amend its affidavit of defense and set this up as a defense. The representation of the insured as to the cost of the automobile and the warranty of the truth thereof were material elements of the defense and, where the application to amend was made upon ascertainment of the fact, the amendment should have been allowed.

There is nothing in the Practice Act which forbids such amendments; on the other hand it is usual to permit timely amendments to the pleadings in aid of justice. The amendment of pleadings is ordinarily within the discretion of the court, and where the interests of justice require it, they should be allowed.

Argued November 19, 1923. Appeal, No. 115, Oct. T., 1923, by defendant, from judgment of C. P. Delaware Co., Sept. T., 1921, No. 325, on verdict for plaintiff, in the case of Dr. Morton P. Dickenson v. Belt Automobile Indemnity Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Assumpsit on policy of automobile insurance. Before JOHNSON, P. J.

The facts are stated in the opinion of the Superior Court.

The court directed a verdict for plaintiff in the sum of $1,088.43 and judgment was entered thereon. Defendant appealed.

*Errors assigned* were various rulings on evidence, refusal to grant defendant's motion to file an amended

affidavit of defense and in directing a verdict for the plaintiff.

*Howard E. Hannum,* for appellant.

*John M. Broomall,* for appellee.

OPINION BY HENDERSON, J., February 29, 1924:

The plaintiff's action is on a contract of indemnity on a second-hand automobile; the risk covered inter alia loss by theft; the maximum liability of the defendant on such a risk being 80% of the purchase price paid by the insured therefor with a reduction of 2% per month thereafter of the purchase price during the continuance of the insurance. The plaintiff stated in his application that he paid for the automobile, with the spare tire and tube thereto attached, the sum of $1,412.50. It was provided in the contract of indemnity that it should be void "if the subscriber has concealed or misrepresented in writing or otherwise any material fact or circumstance concerning this insurance or the subject thereof; or in case of any fraud or false swearing by the subscriber touching any matter relating to this insurance or the subject thereof whether before or after a loss." In the schedule of warranties in the policy it was stated that the price paid for the machine was $1,412.50, which representation was warranted by the plaintiff to be true, and it was agreed that the indemnity in the policy provided was subject to that and the other warranties therein set forth. When the case was called for trial, the defendant moved the court for leave to file a supplemental affidavit of defense setting forth that the defendant had learned on the preceding Friday that the statement of the plaintiff set forth in the policy and asserted in the statement of claim that he had paid $1,412.50 for the insured car was false and known to the plaintiff to be false; that the said averment or allegation was made by the plaintiff falsely, fraudulently and for the sole pur-

pose of defrauding the said defendant; that whereas the plaintiff alleged that he had paid $1,412.50 for the automobile, the price paid by him therefor was $750 or $850 only. The court refused to permit the amendment of the affidavit of defense whereupon the trial proceeded and the court directed a verdict for the plaintiff. In view of the representation of the insured as to the cost of the automobile and the warranty of the truth thereof, it is evident that the defense was material, and inasmuch as under the Practice Act the statement of claim and the affidavit of defense are the pleadings according to which the case is to be tried, we think the amendment should have been allowed. The application was promptly made on ascertainment of the fact, and no substantial reason is apparent on the record why the case should not have been presented to the court on all the material facts involved. There is nothing in the Practice Act which forbids such amendment; on the other hand it is usual to permit timely amendments to the pleadings in aid of justice. The application did not propose any change in the form of action and was consistent with the proof proposed to be introduced. In Wall v. Royal Society of Goodfellows, 179 Pa. 355, the court sustained an assignment of the refusal of the court to admit an amendment of the affidavit of defense after the evidence had been introduced in the case, and the statutes of amendment sustain the conclusion of the court. The amendment of pleadings is ordinarily within the discretion of the court, but where the interests of justice require it, they should be allowed. The plaintiff would not have been subjected to a disadvantage at the time for it was within the power of the court to impose reasonable conditions with reference to costs, continuance, etc. We are all of the opinion that the appellant should have been allowed to file the supplemental pleading. As the case goes back for retrial, it is not deemed advisable to consider the other assignments.

The first assignment is sustained, the judgment is reversed and the record remitted to the court below with direction to reinstate the rule for leave to file the supplemental affidavit of defense and to make the same absolute.