Hardy *v.* State Mutual Benefit Society, Appellant.

Argued October 12, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*George J. Edwards, Jr.*, and with him *Ralph S. Croskey*, for appellant.

*Daniel Marcu*, for appellee.

Opinion by Trexler, P. J., February 1, 1934:

This is an action of assumpsit brought by the beneficiary in a death benefit certificate to recover the

amount of the policy. The trial resulted in a verdict in favor of the plaintiff.

The application signed by the insured stated her age to be "about 67." The certificate provided that if the age of the insured was not correctly stated in the application, the defendant had the right to change the benefit stipulated therein in accordance with the true age. The insured died May 7, 1932, and the plaintiff, the beneficiary named in the policy, delivered to the insurance company the proofs of death. The company raised the question that the insured had misrepresented her age and that she was 77 years of age at the time of the policy instead of "about 67" as stated in the application. If her age was seventy-seven, she was beyond the insurable period.

There were two policies and on the one in controversy in the present suit, $40 was paid to the plaintiff who executed a receipt "being the amount in full for all benefits due."

The first position taken by the appellant is that the receipt being in full could not be varied except by proof of fraud, accident or mistake. We deem it unnecessary to go into this question to any extent. The receipt is but prima facie evidence of what is set out. The president of the company, who was the actor in the matter and whose authority is not questioned, when put upon the stand, testified that there was due to the plaintiff more money than he had actually paid her. When both of the participants in the transaction agree that the receipt although purporting to be in full for all demands, was not so intended, but that there was more due the plaintiff, the door is open wide for proof as to what was the actual amount due to the plaintiff and the question as to the amount of evidence required to overcome the receipt drops out of the case.

The next objection urged by the defendant is that there was improper admission of testimony as to the

age of the insured. The beneficiary testified that when the policy was taken out, she had asked Mrs. Hardy, the insured, about her age, that the latter had written her a letter in which she stated at that time her age was 60 years. The objection to this testimony was general and apparently was on the ground that the matter was hearsay. Anyone's knowledge of his own age necessarily is hearsay and in most cases, the knowledge of the ages of other people is derived from their declarations.

In Cupryk v. Ruthenian N. U. of America, 66 Pa. Superior Ct. 595, our court speaking through Justice KEPHART, now of the Supreme Court, stated: "The plaintiff did not produce positive testimony showing the wife's age. It is not necessary to offer birth records, or the evidence of persons who could testify from actual knowledge from childhood to death to prove age. If this evidence can be secured, it should be produced, but evidence of general repute in the family by those competent will be sufficient if family records are not obtainable."

In Watson v. Brewster, 1 Pa. 381, proof of the declaration of a deceased mother as to the age of a daughter was admitted. Even if the admission of this testimony were wrong, we would not reverse the case for the error would not be material. The application stated the insured's age to be "about 60." The proof that she wrote to the beneficiary that she was 60 was merely a repetition of what she had already stated in her application. It added nothing to it. The application was presumably true and the burden of proving the falsity was on the defendant. Console v. Prudential Ins. Co., 67 Pa. Superior Ct. 52; Knox v. Catholic W. B. Legion, 69 Pa. Superior Ct. 426; Brelish v. Prudential Ins. Co. 109 Pa. Superior Ct. 1. Moreover, the plaintiff testified that she had lived with the decedent for three years and that she had told her how old she was.

The proofs of death submitted by the attending physician gives the age in a manner that raises some doubt. It appears from the signed statement of the physician that the age was indicated with the figure "7," preceded by what might be "6" with a "7" superimposed or vice versa. Ordinarily, this would require explanation by the plaintiff, for she was required to furnish proper proofs of loss. The testimony of the president of the company was that this document was given to Mrs. Hardy by someone in the office. The insurance company apparently gave no opportunity to the plaintiff to correct the error or to ascertain from the physician from whom he had obtained the information contained in the statement or what had occasioned the change in the figure. There was nothing before the jury to show that so far as the physician's certificate was concerned, what was the true age of the insured. The position the company might have taken is that the proof of age was inadequate, but as they accepted the proofs as given and by the act of its president left the matter open for investigation as to the actual age, the question as to how old the insured was became a matter for the jury.

There was a death certificate offered and attested by the Secretary of the Commonwealth of Virginia showing that the age of Mrs. Hardy at death was "about 67." The doctor who prepared it was the same who signed the proofs of death. Technically it was admissible because under the laws of Virginia, it was prima facie evidence of the truth of the statements therein contained, but its contents could be rebutted by showing that it was not correct. It would seem that such certificate was properly received under the full faith and credit clause of Article 4, Section 1 of the Federal Constitution and the Statute of March 27, 1804, 56, paragraph 12, 1520 (R. S. Sect. 906). See Jensen v. Continental Life Ins. Co., 28 Fed. (2nd) 545.

The judgment is affirmed.