Hakun, Appellant, *v.* Metropolitan Life Insurance Company.

Argued December 10, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*J. Franklin Nusbaum,* for appellant.

*A. G. Dickson,* with him *Leroy A. Lincoln,* for appellee.

OPINION BY KELLER, P. J., January 31, 1936:

As presented on the argument of this appeal, there is but a single question involved. As stated by the appellant, it is substantially as follows:

In a suit on a life insurance policy where performance by the insured of all things required of him under

the policy is alleged, is the defense of fraudulent answers by the insured in the application for said policy, as to his attendance by physicians and treatment in a hospital, such new matter as will support a judgment for defendant for want of a sufficient reply thereto, under the provisions of sections 14, 15, 16 and 17 of the Practice Act of 1915, P. L. 483, as amended by the Act of April 22, 1929, P. L. 627? The answer is, 'Yes.'

The appellant, in effect, admits the sufficiency of the defendant's averments, in the 'new matter', as to the insured's fraudulent representations abovementioned, (See Gehret v. Mitten Bank Securities Corp., 120 Pa. Superior Ct. 198, 182 A. 125) ; and the insufficiency of the plaintiff's reply to such averments (See Applebaum v. Empire State Life Assurance Society, 311 Pa. 221, 166 A. 768) ; but contends that they are not properly 'new matter' within the provisions of the Act of 1929, such as to warrant judgment for want of a sufficient reply.

The Act of 1929, supra, in amending section 14 of the Practice Act of 1915, supra, gives a broad definition of 'new matter', for the purposes of the statute, to wit, "Any averments which are not contained in the statement of claim and do not merely deny averments thereof." Of course, this means averments of fact, not conclusions of law, or a statement of the *legal* grounds on which the defense rests: P. & R. C. & I. Co. v. Tamaqua School Dist., 304 Pa. 489, 495, 156 A. 75; Gehret v. Mitten Bank Securities Corp., supra.

It is clear that the averments set up in the defendant's 'new matter' in this case were not contained in the statement of claim, and did not merely deny averments thereof. The plaintiff had made no averments in her statement—nor, in order to make out a prima facie case, was she required either to aver or prove—that the insured had made true answers, in his application, as to his attendance by physicians and his treat-

ment in hospitals. The averment that the insured had "performed all things required of him under the policy," was not an averment affecting the truth or falsity of his answers to questions respecting his attendance by physicians or his treatment in hospitals; nor did defendant's answer to this averment—"Admitted that the stipulated premiums were paid, but it is denied that the insured did all that was required of him under the terms of the policy, which policy was issued in consideration of the application therefor, as amended, by the insured, for the reasons hereinafter set forth as 'New Matter' ", —preclude it from setting up the alleged false and fraudulent representations by way of an affirmative defense under 'New Matter'.

In order to make out a prima facie case the plaintiff would not be required to do more than offer the policy, and prove the insured's death, and that she had complied with the provisions as to proofs of death. The burden of proving that the insured had made false and fraudulent answers in his application as respects such material matters as his attendance by physicians and his receiving treatment in hospitals would rest on the insurance company defendant: Console v. Prudential Ins. Co., 67 Pa. Superior Ct. 52. Such defense would not be a denial or traverse of the issuance of the policy, but would constitute an affirmative defense in avoidance of liability under the policy, and since the Act of 1929 became effective, would be properly pleaded as 'new matter', and would have to be replied to, and sufficiently answered, by the plaintiff to prevent a judgment in the defendant's favor.

In the case of Applebaum v. Empire State Life Assurance Society, supra, an affidavit of defense was filed in which material misrepresentations in the application were set up as new matter. The plaintiff took a rule to strike off the new matter, on the same ground ad-

vanced by the appellant here. The court discharged the rule. The plaintiff then filed her reply, which insufficiently denied and therefore, in effect, admitted the false and fraudulent misstatements by the insured in his application, which the defendant had averred in its 'New Matter'. At the trial these 'admissions' were put in evidence on behalf of the defendant insurance company. The plaintiff obtained a verdict and the court below refused defendant's motion for judgment non obstante veredicto. On appeal, the Supreme Court, in an opinion by Mr. Justice LINN, held that defendant's point for binding instructions in its favor should have been affirmed, and the judgment was reversed and entered for defendant. While the question here raised was not specially passed upon by the Supreme Court, its judgment was based on the evidence of fraudulent misrepresentations in the application, which had been received as admissions, because of the failure of the plaintiff in her reply sufficiently to deny the 'New Matter' pleaded by defendant, and this evidence was obtainable only because of the provisions in the Act of 1929 requiring the plaintiff to reply to new matter set up in the affidavit of defense and restricting evidence to be received at the trial in denial of such averments. It is fair to assume that the Supreme Court, in the circumstances, did not feel that the facts set up as new matter had been improperly pleaded, or that the reply filed thereto was of no force or effort, as is contended by the appellant in this case.

There is nothing in our decision in Security T. & T. Co. v. Welsh & Brown, 104 Pa. Superior Ct. 502, 159 A. 227, relied on by the appellant, which runs counter to our opinion here. We said in that case, "Payment, release, novation are all proper examples of 'new matter', and without attempting to define it, it may be said to include any legal defense, of substance, to the action, other than a traverse, set off or counterclaim."

We did not attempt to give a catalogue of instances of 'new matter', and in naming a few did not limit the phrase to them. As we have said before, a defense admitting the issuance of the policy but setting up false and fraudulent answers of the insured in avoidance of liability is not a traverse as that term is understood in pleading, apart from the 'general issue'. See Stephen on Pleading, pp. 153-162, and the author's commentary as set forth in note 20 [1]. And it is to be remembered that by section 3 of the Practice Act of 1915, P. L. 483, of which the Act of 1929, supra, is an amendment, pleas of the general issue, payment, payment with leave, set-off, the bar of the statute of limitations, and all other pleas are abolished, and defenses theretofore raised by those pleas are to be made in the affidavit of defense. The amendment of 1929 now requires the defendant to answer the averments of statement of claim first and then set out his defense of set-off, counterclaim or new matter under a separate heading.

That such averments constitute an affirmative defense (See section 3 of the Act of 1929, amending section 15 of the Practice Act of 1915) [2] and are properly

---

[1] Inter alia, "Thus in assumpsit and trespass on the case in general, the defendant is allowed, under the general issue, to give in evidence matters which do not fall within the strict principle of that plea, and, among these, matters in confession and avoidance. It is to be observed, however, with respect to matters of this latter description, that, though allowed, he is in no case obliged to take that course, but may still bring forward, by way of special plea in confession and avoidance, all such allegations as properly fall within the principle of such pleadings, that is, all which confess what is adversely alleged, but repel or obviate its legal effect. Thus the defendant may in assumpsit and other actions of trespass on the case, plead a release, though it is also competent to him to rely upon it in evidence under the general issue." As stated in the opinion, the plea of the 'general issue' in actions of assumpsit and trespass was abolished in Pennsylvania by the Practice Act of 1915.

[2] Inter alia, "The set-off, counterclaim or new matter, if it

pleaded as 'new matter', is also apparent from a consideration of the issue in a bill in equity to cancel a life insurance policy on the ground of false and fraudulent representations in the insured's written application for insurance. For recent examples, see Equitable Life Assurance Society v. Klein, 315 Pa. 156, 173 A. 188, and N. Y. Life Ins. Co. v. W. Bodek Corp., 320 Pa. 347, 182 A. 384. The complainant in such suit admits the issuance of the policy, but seeks to have it declared invalid because of the insured's fraud. The burden rests on the plaintiff to present his attack on the validity of the policy and establish it to the satisfaction of the Chancellor. The same matter, pleaded by way of defense in an affidavit of defense to an action of assumpsit, is just as truly new matter as a defense of release or payment would be, and constitutes an affirmative defense to be pleaded and proved by the defendant at the trial, unless the averments are admitted or insufficiently denied. If sufficiently denied in the plaintiff's reply, there is no burden or duty resting on the plaintiff to disprove them at the trial in order to make out a prima facie case. It is not a necessary part of her case in chief.

We are, therefore, of opinion that the court below correctly disposed of the rule for judgment for the defendant for want of a sufficient plaintiff's reply.

Judgment affirmed.

---

consists of an affirmative defense, shall be regarded as the defendant's statement of claim, and the plaintiff's reply as an affidavit of defense thereto."