# Potter *v.* Metropolitan Life Insurance Company, Appellant.

Argued April 22, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*John M. Bennett,* of *Weimer & Bennett,* for appellant.

*J. Don O'Connor, Thomas A. Swope* and *Philip N. Shettig,* for appellee.

54

OPINION BY KENWORTHEY, J., July 23, 1942:

· Plaintiff was the beneficiary named in an insurance policy on the life of his mother, Vera Potter. The policy was dated June 7, 1937. The insured died March 2, 1938. The trial resulted in a verdict for plaintiff. Defendant has appealed from the refusal of its motions for judgment n. o. v. and for new trial.

The question is whether plaintiff met the burden of showing that the medical attention which insured received within two years prior to the date of the issuance of the policy was not for a serious disease, injury or physical or mental condition.[1]

It must be taken to be admitted that the insured was attended by a physician on April 20, 22, 23 and 30, 1937, and on May 7, 1937. It is so alleged in the Affidavit of Defense under "New Matter." The reply expressly admits it, but avers that the treatments were for "a nervous condition" which did not constitute a serious disease, injury or physical or mental condition. And although this averment in the reply was not specifically offered in evidence as was done in *Russo v. Metropolitan Life Insurance Co.*, 147 Pa. Superior Ct. 210, 212, 24 A. (2d) 167, it appears from plaintiff's own testimony that insured was attended by a physician on the dates averred.[2]

---

[1] The provision in the policy was as follows: "If (1) within two years prior to the date of issue of this Policy the Insured ...... has been attended by a physician, unless it shall be shown by the Insured or any claimant that no such ...... medical treatment or attention was for a serious disease, injury, or physical or mental condition ...... then, in any such case, this Policy shall, subject to the clause entitled incontestability, be voidable by the Company ......"

[2] Plaintiff testified on direct examination: "Q. The doctor has stated on four different days in the latter part of April and on one day in the early part of May your mother called at his office for medical treatment, and has also stated on some or all of these occasions you were with her? A. I was with her all but the first time."

Defendant called the attending physician, who testified that he treated the insured for menopausal neurosis and a gall bladder disturbance, chronic cholecystitis which was described as a "chronic thickening of the gall-bladder wall, due to inflammation of that part." He described the symptoms of the neurosis and said "that condition of the female is universal." Perhaps the question whether the neurosis was a serious disease was for the jury. But there was nothing to indicate the seriousness of the gall bladder condition; neither the extent of the thickening nor the symptoms it produced were described. Plaintiff argues the lack of seriousness can be inferred from the fact that the prescription for it consisted of a "biliary stimulant, that is, to stimulate the flow of bile from the gall bladder." But the seriousness of the disease cannot be determined from its treatment. Many of the most fatal serious diseases are beyond treatment of any kind and are handled with the simplest symptomatic therapy. He next argues that statements made by the physician to plaintiff and others that the nervousness was the only condition for which he treated the insured was sufficient proof. But such statements were of no effect except to impeach the credibility of the physician. *Glenn v. Philadelphia & West Chester Traction Co.,* 206 Pa. 135, 55 A. 860; *Shobert v. Brookville Bank & Trust Co.,* 132 Pa. Superior Ct. 365, 372, 200 A. 942. If the physician's testimony were completely disregarded, we have the admitted fact that a physician attended the insured, and neither the testimony of the lay witnesses that the physician told them that the condition was simple nervousness, which would be hearsay, nor the statement by plaintiff that on the occasions when he accompanied the insured to the physician's office, the physician merely gave her a "shot in the arm," would be sufficient to sustain the burden of proof.

Plaintiff next argues that the testimony of lay wit-

nesses that the insured was an active woman and apparently in good health was sufficient. What we said in *Baum v. Metropolitan Life Insurance Co.*, 144 Pa. Superior Ct. 37, 19 A. (2d) 486, disposes of this contention. A person may have a disease of the most serious character, which is not apparent to a lay person and which requires a careful examination by a medical expert to determine.

Finally, plaintiff argues that all the elements of proof necessary for recovery were admitted by the pleadings—that defendant pleaded itself out of the court. The allegation of paragraph 4 of the Statement of Claim that "The said Vera Potter, in her lifetime, in all particulars. performed the conditions stipulated in said written instrument [the policy]," was offered and admitted into evidence on the ground there was only a general denial in the Affidavit of Defense. But the Affidavit of Defense specifically set up, under "New Matter," the pertinent provision of the policy and an averment of the dates on which the insured had been attended by a physician. It is probably not necessary to go so far as to say that paragraph 4 was improperly admitted into evidence. But, in our opinion, it would be manifestly unjust to construe it as an allegation that the condition for which the insured received medical attention was not serious. An allegation that the insured has "performed the conditions" of an insurance policy ordinarily means that the insured has met the purely formal conditions of the policy. And when a defendant, in another part of its pleading, specifically puts plaintiff on notice of the nature of its defense, that is all that is necessary. See *Hakun v. Metropolitan Life Ins. Co.*, 120 Pa. Superior Ct. 480, 483, 182 A. 702. Any other view would encourage trial by trick. And the error was aggravated when the court refused defendant's motion to amend paragraph 4 by specifically incorporating the averments of fact on which it relied.

See *Dickenson v. Belt Automobile Indemnity Co.*, 82 Pa. Superior Ct. 520, 522; *Wessling v. Latkanich et al.*, 144 Pa. Superior Ct. 317, 19 A. (2d) 553.

Judgment is reversed and the record is remanded to the court below to enter judgment in plaintiff's favor for the amount of the premiums paid plus interest due.