### Tarasik et al., Admx., v. Metropolitan Life Insurance Co.

*Laurence D. Savige*, for plaintiffs.

*O'Malley, Hill, Harris & Harris*, for defendant.

EAGEN, J., April 24, 1942.—This is an action in assumpsit on two insurance policies to collect the accidental death benefits provided for therein. Plaintiffs in their statement of claim allege that decedent's death "was caused solely through external, violent, and accidental means, directly and independently of all other causes." In the affidavit of defense, the allegation of accidental death is specifically denied and under the general denial it is further averred that "the insured's death was caused by a coronary occlusion, resulting from a disease of the coronary vessels of the heart." Defendant also pleads under the heading of new matter the same allegation contained in the general denial, namely, that the death of decedent was caused by a bodily infirmity. Plaintiffs then moved to strike off defendant's allegations under the heading of new matter, because said allegations are not new matter under section 14 of the Practice Act, as amended April 22, 1929, P. L. 627.

The court is of the opinion that the rule must be made absolute. The issues are completely and properly raised by the allegations in the general denial.

The Act of 1929 defines new matter to be "any averments which are not contained in the statement of claim and do not merely deny averments thereof." See Wilson & Gardner Co. v. Wilson, 334 Pa. 289.

The policies in question provide for special benefits in the event that the death of the insured resulted in consequence "of bodily injuries effected solely through external, violent and accidental means . . . independ-

ently and exclusively of all other causes." The policies further stipulate "that the accidental death benefits will not be paid if the death of the insured . . . is caused or contributed to directly or indirectly, or wholly or partially by disease, or by bodily or mental infirmity."

Defendant argues that, since plaintiffs' statement of claim does not affirmatively aver that the death was not caused or contributed to by disease or bodily infirmity, this allegation was, therefore, properly raised under the plea of new matter. The cases of Real Estate Trust Company of Philadelphia, Trustee, v. Metropolitan Life Insurance Co., 340 Pa. 533, and of Hakun v. Metropolitan Life Insurance Co., 120 Pa. Superior Ct. 480, are cited to sustain this position. In the former case, the court held that in suit on a policy such as we have in the case at bar it is incumbent upon plaintiff before recovery can be had to show that death resulted and was caused solely by the accidental means and further that the burden rests upon him to exclude the possibility of any preëxisting infirmity as a contributing factor. In the present case that issue is completely raised by the denial and specific allegations in the affidavit of defense and in the trial plaintiffs will be compelled to meet this burden. Their right of recovery, if any, is based on the entire contract and every term thereof. In the Real Estate Trust Company case the issue was raised under the general denial. In the Hakun case the court held that the defense of fraudulent answers by the insured in the application for the insurance policy was properly new matter. The case pointed out that such a defense is not a denial or a traverse and constitutes an affirmative defense. This is entirely different than the present situation, which in the opinion of the court does not require a reply.

Now, therefore, April 24, 1942, the rule to show cause why the new matter set forth in defendant's affidavit of defense should not be stricken off is made absolute.