Hepburn, Appellant, v. Schwartz et ux.

Argued October 12, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

394

*Benjamin F. Zubrack,* for appellant.

*Edward I. Weisberg,* with him *David N. Feldman,* for appellees.

OPINION BY HIRT, J., January 28, 1943:

Plaintiff was the owner of a bond with an accompanying mortgage given by defendant Isaac Schwartz to secure the payment of $5,000. When the debt became due, the time for payment of the principal was extended to August 29, 1929. At the expiration of that term plaintiff and defendants entered into a second agreement in writing extending the time of payment to August 29, 1932. By this agreement the defendants covenanted to make prompt payment of the interest and principal of the bond, so secured, together with taxes assessed against the mortgaged property and to maintain fire insurance for the protection of plaintiff. Defendants paid but $500 to apply on the principal of the mortgage during the extended term; plaintiff thereafter foreclosed on the mortgage on defendants' failure to pay the remaining principal together with the interest then past due. The mortgaged property was sold at sheriff's sale on May 2, 1938 for $3,112.80. Plaintiff claimed that the balance of principal and interest due her on that date, amounted to $4,734.25. This action was brought on the covenants of the extension agreement to recover $1,621.45, the difference between the amount due from defendants and the proceeds of the sale on the mortgage. At the trial the court directed a verdict for plaintiff in that amount, with interest, but later granted a new trial. This ap-

peal raises the question whether there was an abuse of discretion in ordering a new trial.

Rebecca Schwartz denied liability in her affidavit of defense, alleging that she, a married women, signed the extension agreement as surety, merely, for her husband. This defense was not raised at the trial, probably for the reason suggested by plaintiff, that she had become the owner of the premises before signing the agreement.

Defendants at the trial offered to prove that plaintiff's husband, a practicing lawyer, with full authority to bind his wife, had entered into an oral agreement with them to the effect that the time of payment of the principal of the mortgage would be extended indefinitely so long as defendants paid $35 per month to apply on interest and taxes. Defendants alleged that they were not in default in these payments and that plaintiff foreclosed on the mortgage in violation of the agreement. There was error in a number of rulings of the trial judge excluding evidence on the subject of the authority of plaintiff's husband to make an agreement for her. His relationship as husband in itself was competent evidence of authority if coupled with other circumstances tending to establish the fact of agency. *Mitchell v. First Nat. Bank,* 136 Pa. Superior Ct. 467, 7 A. 2d 513. Proof of the circumstances should have been allowed, especially the acts of plaintiff bearing upon the question of her ratification of the agreement. True, the affidavit of defense does not allege an agreement sufficient in all respects to prevent a foreclosure on the mortgage. Early in the trial, however, (Record, p. 15a) defendant moved to amend but the motion was refused. In this ruling we think there was an abuse of discretion; an amendment setting forth more definitely the terms of the agreement should have been allowed in the interest of justice. *Dickenson v. Belt Auto. Ind. Co.,* 82 Pa. Superior Ct. 520; *Wall v. Royal Soc. of Good Fellows,* 179 Pa. 355, 36 A. 748.

It may be that defendants have no valid defense to the claim, but sufficient appears in the record of this case to justify the award of a new trial.

Order affirmed.